[Civ. No. 19227.   Second Dist., Div. One.   Feb. 16, 1953.]

ELLEN M. MATTHEWS et al., Appellants, v. SEARS, ROEBUCK AND COMPANY (a Corporation) et al., Respondents.

James C. Webb for Appellants.

Ball, Hunt & Hart and John L. Wheeler for Respondents.

DORAN, J.—As recited in respondents' brief, ''This is an appeal from a judgment of nonsuit granted in favor of Sears and Flack and Rook.

''Plaintiffs' complaint was for damages for personal injuries received when she allegedly fell over a roll of carpet which was allegedly lying across the sidewalk where she was walking.   In said complaint it is further alleged that defendants Flack and Rook were the agents, servants and employees of defendant, Sears, and were acting in the scope of their employment as such.

"The trial court ruled there was no evidence tending to show that the relationship between Sears, Roebuck and Co., and Flack and Rook was that of an employer and employee. To the contrary, all evidence pointed toward the relationship of independent contractor. As to the defendants Flack and Rook, the trial court granted a nonsuit on the ground that plaintiff, Matthews, was negligent as a matter of law, and that she never looked at the sidewalk and never attempted to and while walking westward on East Third Street, was interested in getting the attention of another person some distance away."

The trial was before a jury. When the plaintiff rested the motion for a nonsuit followed and was granted.

The contention of Sears, Roebuck and Company that defendants Flack and Rook were independent contractors is supported by the record.

On the other hand, the court's action in granting the motion on the grounds that plaintiff was guilty of contributory negligence was error. That there was substantial evidence to the contrary there can be no question, hence, the issue of fact in such a circumstance is for the jury. Defendants Flack and Rook were laying the carpet and were using the sidewalk for a workshop to measure and cut the carpet. Respondents' argument that, "From the testimony of the plaintiff, Mrs. Matthews, we have the undisputed story that she was a woman sixty-nine years of age, who had great difficulty in seeing because of cataracts on both eyes, walking westward on East Third Street, crossing an alley and onto the sidewalk, without at any time paying attention to the sidewalk in front of her, and the dangers consistent with everyday life which might be lurking there," does not affect the issue of contributory negligence and the law applicable thereto. Even if plaintiff had been totally blind and walking with a cane a prima facie case would have been established. Using a public sidewalk for a workshop does not as a matter of law affect the degree of care required by pedestrians.

The judgment is affirmed as to respondent Sears, Roebuck and Company. It is reversed as to respondents Flack and Rook.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied March 12, 1953.